UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

In Re: BAYCOL PRODUCTS LITIGATION          MDL No. 1431

This Document Relates to:

United States ex rel. Simpson,

                                  **ORDER**
                 Relator,              Case No. 08-5758 (MJD/SER)

v.

Bayer Healthcare d/b/a Bayer
Healthcare Pharmaceuticals; Bayer
Pharmaceuticals Corp.; Bayer Corporation;
and Bayer A.G.,

        Defendants.
_____

      Edward Normand, Boies, Schiller & Flexner LLP, Counsel for Relator Laurie Simpson.

      Susan A. Weber, Sidley Austin LLP, Counsel for Defendants.
_____

      This matter is before the Court on Plaintiff's Request to File a Motion to Reconsider this Court's Order dated July 19, 2012.  (Doc. No. 76.)

      By Order dated August 22, 2012, this Court denied Plaintiff's request to file a motion for reconsideration, holding that it did not have jurisdiction over a merits determination as Plaintiff had filed a notice of appeal from this Court's

Order dismissing the case with prejudice.

It appears, however, that because Plaintiff filed a request to file a motion for reconsideration within the time period allowed for motions pursuant to Fed. R. Civ. P. 59(e), the request to file a motion for reconsideration is considered the "functional equivalent of a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." Dubose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999). The time to file a notice of appeal will run from the entry of the order disposing of the post-trial motion. Fed. R. App. P. 4 (a)(4)(A)(iv). The Court will thus vacate its Order of August 22, 2012, and address Plaintiff's request to file a motion for reconsideration on the merits.

A district court's decision on a motion for reconsideration rests within its discretion. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

Id. at 414 (citation omitted). The Court has reviewed its July 18, 2012 Order

dismissing this action with prejudice and concludes that it contains no manifest errors of law or fact. In reaching this determination, the Court has considered the arguments set forth in Plaintiff's letter request dated August 16, 2012. Accordingly, Plaintiff's request to file a motion for reconsideration will be denied.

IT IS HEREBY ORDERED that the Order dated August 22, 2012 (Doc. No. 800 is VACATED and Plaintiff's Request to File A Motion to Reconsider (Doc. No. 76) is DENIED.

Date: September 6, 2012

                                                s/ Michael J. Davis
                                                Michael J. Davis
                                                Chief Judge
                                                United States District Court