UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

In Re: BAYCOL PRODUCTS LITIGATION         MDL No. 1431

This Document Relates to:

United States ex rel. Simpson,

                                                **ORDER**
                 Relator,         Case No. 08-5758 (MJD/SER)

v.

Bayer Healthcare d/b/a Bayer
Healthcare Pharmaceuticals; Bayer
Pharmaceuticals Corp.; Bayer Corporation;
and Bayer A.G.,

                       Defendants.
_____

      Susan A. Weber, Sidley Austin LLP, Counsel for Defendants.
_____

This matter is before the Court on Defendants' motion for an order to continue the hearing currently set for November 21, 2014 and to require Relator Laurie Simpson to show cause why this action should not be dismissed.

**I.    Background**

By Order dated August 12, 2014, this Court granted Relator's counsel's motion to withdraw and ordered Relator to notify the Court within sixty days as to whether she had retained substitute counsel or whether Relator intended to

1

proceed pro se. The record reflects that as of the date of this Order, Relator has not retained substitute counsel.

By its current motion, Defendants request the Court to continue the hearing set for November 21, 2014, and order Relator to obtain substitute counsel within 14 days, on the basis that a pro se relator may not prosecute a *qui tam* action on behalf of the United States.

II.     Analysis

In United States v. Onan, 190 F.2d 1 (8th Cir. 1951), the Eighth Circuit addressed the question of whether a pro se relator in a *qui tam* action could sue on behalf of the United States.

> [W]e do not think that Congress could have intended to authorize a layman to carry on such suit as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself. While the Supreme Court has given this Section 232 a liberal construction, it is unthinkable that Congress by this Act intended to license laymen to practice law. The practice of law is affected with a public interest and an attorney at law as distinguished from a layman, has both public and private obligations, being sworn to act with all good fidelity toward both his client and the court.

Id. at 6. Other circuits have similarly found that private parties may not bring a *qui tam* action pro se. See United States ex rel. Mergent Servs. v. Flaherty, 540

F.3d 89, 94 (2d Cir. 2008) (affirming dismissal *qui tam* action brought under the False Claims Act where relator was not represented by counsel); Timmer v. Sampson, 518 F.3d 870, 873-74 (11th Cir. 2008) (same); Stoner v. Santa Clara Cty Office of Educ., 502 F.3d 1116, 1126-28 (9th Cir. 2007) (same); United States ex rel. Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir. 2004) (same) overruled on other grounds United States ex rel. Eisenstein v. City of New York, 556 U.S. 928 (2009).

As it appears the law is well-settled that a relator may not prosecute a *qui tam* action pro se, and because the United States declined to intervene in this matter, the Court will grant the motion before it.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion [Doc. No. 113] is **GRANTED**. Relator Laurie Simpson is ordered to show cause why this action should not be dismissed, by obtaining counsel within fourteen (14) days from the date of this Order. The hearing scheduled for November 21, 2014 is continued.

Date: November 5, 2014

          s/ Michael J. Davis
          Michael J. Davis
          Chief Judge
          United States District Court