# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

_____

In re: Baycol Products Litigation

UNITED STATES OF AMERICA *ex rel.*
LAURIE SIMPSON,           Honorable Michael J. Davis
                          United States District Court Judge

                *Plaintiff*,

                v.

                              MDL No. 1431
BAYER HEALTHCARE          Civil. No. 08-5758(MJD)(SER)
PHARMACEUTICALS, INC.;
BAYER CORP.; and
BAYER A.G.,

                *Defendants*.
_____

## JOINT RULE 26 CONFERENCE REPORT AND
## DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26.1(b), Plaintiff-Relator Laurie Simpson ("Plaintiff-Relator") and Defendants Bayer Pharmaceuticals Inc., Bayer Corp., and Bayer A.G. ("Bayer") (together "Parties"), have met and conferred and submit this report and discovery plan. Except as otherwise stated, the Parties are in agreement.

1

**1.    MEETING**

    **a.    Date of the Meeting**

Counsel for the Parties held meetings telephonically on December 19, 2018 and January 3, 2019.

    **b.    Name, address and occupation or business of each party, together with the name, address, telephone number, and e-mail address of the attorneys who represented each party at the meeting:**

| | |
|---|---|
| Laurie Simpson, Plaintiff-Relator | David A. Bocian<br>Asher S. Alavi<br>Kessler Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Tel: (610) 667-7706<br>Fax: (610) 667-7056<br>dbocian@ktmc.com<br>aalavi@ktmc.com |
| Bayer Pharmaceuticals Inc., Bayer Corp., and Bayer A.G. Defendants | Adam Hoeflich<br>54 W. Hubbard Street, Suite 300<br>Chicago, IL 60603<br>(312) 494-4400<br><br>Kristin Graham Koehler<br>Joshua Fougere<br>Sidley Austin LLP<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>(202) 736-8000 |

    **c.    Name of insurance carriers that may be liable for the defense or payment of any damage award:**

Bayer is not aware of any relevant insurance agreements.

    **d.**    **Agenda for matters to be discussed at the Pretrial Conference:**

The Parties intend on discussing this discovery plan and the entry of a Scheduling Order at the Pretrial Conference on January 16, 2019.

**2.**    **NATURE OF THE CLAIMS**

    **a.**    **Jurisdictional Basis of Case**

Plaintiff-Relator alleges that the Court has subject matter jurisdiction over this case pursuant to the federal False Claims Act, 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331. Bayer disputes that the Court has subject matter jurisdiction, because Bayer contends that Plaintiff-Relator is not an original source of her remaining allegations. Plaintiff-Relator contends that Plaintiff-Relator qualifies as an original source of the fraudulent inducement allegations, as the Court has already held in its decision of October 16, 2018. (ECF No. 166).

    **b.**    **Brief Narrative of Facts and Legal Claims and Defenses**

Plaintiff-Relator has asserted causes of action on behalf of the United States under the federal False Claims Act, 31 U.S.C. § 3729, to recover damages and civil penalties arising from Defendants' alleged fraudulent inducement of contracts with the Department of Defense ("DoD") for Baycol. Bayer disputes Plaintiff-Relator's allegations both as a matter of law and fact.

### c.  A summary itemization of the dollar amount of each element of the alleged damages

Under the False Claims Act, 31 U.S.C. § 3729, Defendants may be held liable for up to three times the amount of damages the United States sustained because of Defendants' actions and civil penalties of between $5,500 and $11,000 for each violation of the FCA.  Although discovery is needed to determine the scope of damages in this matter, Plaintiff-Relator estimates that, before trebling, damages under the False Claims Act amount to approximately $20 million.  This amount does not include the penalties, should the case proceed to trial, assessed in connection with each false claim for payment, which are estimated to exceed 100,000.  Pursuant to 31 U.S.C. § 3730(d), Plaintiff-Relator is entitled to an award of between 25-30% of any judgment (or settlement) obtained against Defendants, plus reasonable attorneys' fees and costs, to be paid by Defendants.

Bayer disputes Plaintiff-Relator's estimate of "approximately $20 million" in damages and contends that, even if liability were found, potential damages would be considerably lower.

### 3.  PLEADINGS

#### a.  A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings:

<u>Plaintiff's Statement:</u> Plaintiff's Second Amended Complaint (ECF 52) was filed on November 23, 2010.  Following multiple rounds of motion to dismiss

4

briefing and two appeals, on October 16, 2018, the Court denied Bayer's motion to dismiss the Second Amended Complaint with respect to the claims based upon Defendants' fraudulent inducement of Department of Defense contracts. Bayer has not filed an Answer. Plaintiff-Relator reserves her right to amend her pleading.

<u>Bayer's Statement:</u> Because the Second Amended Complaint has been substantially narrowed, Bayer envisioned the possibility of Plaintiff's submitting a Third Amended Complaint setting forth only the surviving allegations. Plaintiff has decided not to do so at this time, and Bayer, therefore, will file an Answer to the Second Amended Complaint.

    **b.**    **The date by which all motions that seek to amend the pleadings or add parties will be filed:**

All motions to amend the pleadings or add parties will be filed by May 13, 2020.

    **c.**    **Whether a jury trial is available under the law, and whether a jury trial has been timely demanded:**

A jury trial is available for actions under the False Claims Act and has been timely demanded by Plaintiff-Relator.

**4.**    **DISCOVERY PLAN**

    **a.**    **The date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed):**

February 28, 2019.

  **b.  Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced:**

The parties do not wish to engage in alternative dispute resolution following Rule 26(a)(1) disclosures but before the commencement of formal discovery.

  **c.  Whether discovery should be conducted in phases, or limited to or focused upon, particular issues:**

The Parties do not believe that discovery should be conducted in phases, focused upon particular issues, or limited beyond those limits already imposed by the Federal Rules of Civil Procedure, except as otherwise described herein.

  **d.  Discovery of Electronically Stored Information**

    1.  <u>MDL Production</u>

The parties are meeting and conferring to ensure that Plaintiff-Relator has access to the entirety of the MDL production and about the most efficient way to ensure completion of this production.

Plaintiff-Relator shall request that Bayer produce all documents, data, deposition transcripts with associated exhibits, and discovery requests, interrogatories, requests for admission and discovery responses produced by any party or third party in <u>In re Baycol</u> by March 31, 2019. (Bayer contends that it may be prohibited from producing some of this information due to confidentiality agreements or protective orders in the MDL.) Plaintiff-Relator also will request that Bayer produce a complete list of all search terms and custodians that were used for

the MDL production, as well as the final privilege logs by that date. The parties will meet and confer to ensure complete production of the MDL discovery. The Parties have agreed to work in good faith to cure any technical issues the Parties identify with respect to the In re Baycol production, such as issues relating to outdated technology or corrupted data, missing metadata (to the extent that it is available), and the production of certain native files. Bayer notes that the data contained in the MDL Production produced to Plaintiff-Relator was originally collected and reviewed between 2001 and 2003, and that intervening changes in technology may make some data inaccessible.

      2.    Electronic Discovery outside MDL Production and ESI Protocol

Plaintiff-Relator intends on seeking discovery related to her fraudulent inducement allegations which may be beyond the discovery produced in In re Baycol, including from relevant custodians who were not custodians in In re Baycol. To the extent that Plaintiff-Relator requests ESI not previously produced in In re Baycol, Plaintiff-Relator will propose search terms and custodians for such ESI and the Parties will meet and confer on such ESI requests. The Parties will meet and confer to reach agreement on an ESI protocol.

      3.    ESI Produced in Parties' Separate Litigation

Plaintiff-Relator and Defendants are parties in a False Claims Act matter pending in the District of New Jersey, U.S. ex rel. Simpson v. Bayer Corp., 05-cv-

03895 (D.N.J), and are represented by the same law firms in that litigation. To reduce costs and to avoid duplicative production, the Parties will meet and confer to ensure that responsive, relevant documents produced in the N.J. litigation are deemed produced in this litigation. To the extent possible, the parties will also try to coordinate depositions between the two cases. Bayer notes, however, that while the same Parties are involved, the two cases are factually distinct and concern different products and allegations.

    4.    Document Preservation

Pretrial Order No. 6 was entered on March 4, 2002.

**e.**    **Privilege and Protection of Trial Preparation Material**

The Parties are meeting and conferring about provisions related to privilege and protection of trial preparation materials.

**f.**    **Protection of Confidential Information**

The Parties are meeting and conferring about provisions related to protection of confidential information.

**g.**    **The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B):**

1.    Expert Disclosure – Initial:  May 29, 2020.
2.    Expert Disclosure – Rebuttal: June 29, 2020.

**h.**    **Whether changes should be made in the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules, and what other limitations should be imposed, if any**

Plaintiff-Relator proposes that the number of depositions be enlarged pursuant to Paragraph 4(j) below.

Bayer believes that the limit of ten (10) depositions proscribed by FED. R. CIV. P. 30 is sufficient.

### i. Number of Interrogatories, Document Requests, and Requests for Admissions

Interrogatories shall be governed by the limits set forth in FED. R. CIV. P. 33, unless such limits are subsequently modified by agreement of the Parties or by further order of the Court. Each Party is permitted to serve up to twenty-five (25) interrogatories, including all discrete subparts.

Requests for the Production of Documents shall be governed by the limits set forth in FED. R. CIV. P. 26(b) and 34, unless such limits are subsequently modified by agreement of the Parties or by further order of the Court. Each Party is permitted to serve up to twenty-five (25) requests for the production of documents, including all discrete subparts.

Requests for Admissions shall be governed by the limits set forth in FED. R. CIV. P. 36, unless such limits are subsequently modified by agreement of the Parties or by further order of the Court. Each Party is permitted to serve up to twenty (20) requests for admission.

Unless otherwise agreed to by the Parties or so ordered by the Court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure shall be due in accordance with the rules.

### j.     The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take

Plaintiff-Relator proposes that the Parties be permitted to take up to 15 fact witness depositions and that either Party may re-depose any of the witnesses previously deposed in In re Baycol (up to the 15 deposition limit).  This limitation does not include depositions pursuant to FED. R. CIV. P. 30(b)(6) or third party depositions.  Despite the proposed limitations on depositions, Plaintiff-Relator may request an enlargement of the number of depositions taken based on a showing of the need for such deposition as required by FED. R. CIV. P. 30(a), and will meet and confer in good faith to discuss any such request.

Bayer objects to Plaintiff-Relator's proposal to expand the scope of depositions beyond the limit of ten (10) proscribed by FED. R. CIV. P. 30, particularly at this stage of discovery.

The Parties agree that the length of depositions shall be governed by FED. R. CIV. P. 30(d)(1).  If a party wishes to depose an individual who was previously produced for a deposition pursuant to FED. R. CIV. P. 30(b)(6), the opposing party shall not object solely on the ground that the witness was previously deposed. However, if Bayer produces a witness for a FED. R. CIV. P. 30(b)(6) deposition who

also is requested for a fact deposition, then the time for the fact witness portion of the deposition shall not exceed seven hours and the time for the FED. R. CIV. P. 30(b)(6) portion of the deposition shall not exceed seven hours, subject to stipulation or otherwise ordered by the court.

    **k.    The number of expert depositions each party shall be permitted to take**

One per expert.

**5.    CLOSE OF FACT AND EXPERT DISCOVERY AND NON-DISPOSITIVE MOTIONS**

    **a.    The date by which all fact discovery shall be completed**

1. Initial Requests for Production Served: January 30, 2019.
2. Deadline to Complete Document Production: September 30, 2019.
3. Deadline to Produce Privilege Logs: November 15, 2019.
4. Deadline to Complete all Fact Discovery: April 29, 2020.

    **b.    The date by which all expert discovery, including expert depositions, shall be completed**

1. Initial Expert Reports Due: June 26, 2020.
2. Rebuttal Expert Reports Due: August 7, 2020.
3. Completion of Expert Discovery: October 30, 2020.

    **c.    The date by which any independent medical examination shall be completed and the report served on the opposing party**

Not applicable in this matter.

    **d.    The date by which all non-dispositive motions shall be served, filed and heard by the Court.**

November 30, 2020

**6.     DISPOSITIVE MOTIONS AND TRIAL**

**a.     Date by which all dispositive motions shall be served, filed and heard by the Court**

February 8, 2021.

**b.     Date by which case will be ready for trial**

May 2, 2021.

**c.     The number of expert witnesses each party expects to call at trial**

The parties anticipate that they will require expert witnesses at the time of trial.

1.     Plaintiff-Relator anticipates calling approximately four expert witnesses.

2.     Bayer anticipates calling approximately four to six expert witnesses.

**d.     Estimated trial time (the number of days needed for trial, including jury selection and instructions, if applicable)**

10 days

Dated:  January 9, 2019

 Respectfully submitted,                              Respectfully submitted,

KESSLER TOPAZ
MELTZER & CHECK LLP
/s/ Asher Alavi

Asher Alavi
aalavi@ktmc.com
David Bocian
dbocian@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
484-270-1402

*Counsel for Relator Laurie Simpson*

BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
/s/ Adam Hoeflich

Philip S. Beck
Adam Hoeflich
54 W. Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

SIDLEY AUSTIN LLP
/s/ Kristin Graham Koehler

Kristin Graham Koehler (*pro hac vice*)
kkoehler@sidley.com
Ryan C. Morris (*pro hac vice*)
rmorris@sidley.com
1501 K Street, N.W.
Washington, D.C. 20005

DORSEY & WHITNEY LLP
/s/ John Marti

John Marti (#0388393)
marti.john@dorsey.com
Alex P. Hontos (#0388355)
hontos.alex@dorsey.com
Caitlin L.D. Hull (#0398394)
hull.caitlin@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600

*Counsel for Defendants Bayer Corporation, Bayer AG and Bayer Healthcare Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on January 9, 2019, the foregoing document was filed electronically with the Clerk of the Court using CM/ECF. I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/Asher Alavi