# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

In re: Baycol Products Litigation

UNITED STATES OF AMERICA *ex rel.*
LAURIE SIMPSON,

*Plaintiff*,

v.

BAYER HEALTHCARE
PHARMACEUTICALS, INC.;
BAYER CORP.; and
BAYER A.G.,

*Defendants*.

Honorable Michael J. Davis
United States District Court Judge

MDL No. 1431
Civil. No. 08-5758(MJD)(SER)

**ORDER REGARDING FEDERAL RULE OF EVIDENCE 502(d)**

Pursuant to the Stipulation Regarding Federal Rule of Evidence 502(d) (ECF No. 194), entered into by the parties to address disclosure of documents protected by the attorney-client privilege, work-product protection, or any other applicable protective evidentiary doctrine,

**IT IS HEREBY ORDERED** that the Stipulation (ECF No. 194) is **APPROVED** and the following terms govern disclosure of documents protected by the attorney-client privilege, work-product protection, or any other applicable protective evidentiary doctrine under Federal Rule of Evidence 502(d):

1.  This Agreement is intended to supplement Pretrial Order No. 99, entered in <u>In re Baycol Products Litigation</u>, MDL No. 1431, on December 12, 2003 and attached as Exhibit A. Pretrial Order No. 99 shall continue to govern the designation and treatment of Confidential materials produced in this matter. However, to the extent there is a conflict between provisions of

this Agreement and Pretrial Order No. 99 on issues related to the production of privileged or work product material, this Agreement shall control.

2. This Agreement shall govern all hard-copy and electronic materials, the information contained therein, and all other information produced or disclosed by any party in this litigation, including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, or other testimony, discovery response, or otherwise (collectively, "Information").

3. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the production, whether inadvertent or otherwise, of any Information in connection with the pending litigation that is covered by the attorney client privilege, work-product protection, or other evidentiary privilege or protection, shall not constitute a waiver of such privilege or protection in this litigation or any other federal or state proceeding. Instead, the producing party shall be entitled to assert such privilege or protection, and the Information and its subject matter shall be treated as if there has been no such disclosure. These protections apply irrespective of the degree of care taken by the producing party in (i) preventing disclosure, it being expressly recognized that the producing party is not obligated to engage in any pre-production review of documents to identify information protected by the attorney-client privilege or work product protection; or (ii) rectifying disclosure, it being further recognized that the producing party shall have no obligation to engage in post-production review to determine whether it has produced any privileged materials.

4. This Agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, electronically stored information ("ESI"), or

information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

5.    The Parties reserve the right to challenge any assertion by the producing party of work product protection, the attorney-client privilege, or other legally cognizable privileges or evidentiary protection with respect to any particular document or collection/compilation of documents or data, including documents or data previously produced in this MDL.

6.    Upon discovering disclosure of Information that the producing party believes in good faith to be covered by attorney-client privilege, work product protection, or other evidentiary privilege or protection, the producing party shall promptly provide written notification to the receiving party identifying the documents or portions thereof that contain inadvertently produced Information, in accordance with the requirements of Fed. R. Civ. P. 26(b)(5)(A).

7.    Upon notification from the producing party that Information covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection has been produced, the receiving party will (a) promptly return or sequester the Information and all copies of the Information in its possession; (b) delete or sequester any electronic versions from any data source or any database it maintains; (c) retrieve all electronic and paper copies provided to any third parties, including experts; (d) destroy or sequester any notes that reveal the substance of the protected Information; and (e) make no use of the Information, except the receiving party may sequester and present such Information to the Court for *in camera* review for purposes of challenging an assertion of privilege, work product protection, or other evidentiary privilege or protection.  The receiving party will promptly confirm in writing to the producing party that these steps have been taken.

8. Promptly following notification to the receiving party that Information covered by the attorney-client privilege, work-product protection, or other evidentiary privilege or protection has been produced, the producing party shall provide the receiving party with a replacement production in the same format as the original production, with the protected Information appropriately withheld or redacted.

9. The receiving party may contest the privilege or work product designation by the producing party and shall have the right to apply for an order that such Information is not protected from disclosure by any privilege, law, or doctrine. The receiving party may not, however, assert as a ground for such motion the fact or circumstances of the production. Unless filed under seal, any motion contesting the privilege or work product designation shall not disclose the substance of the Information. Either party may present the Information to the Court, under seal, for *in camera* review for purposes of resolving the assertion of any privilege or evidentiary protection, in accordance with Fed. R. Civ. P. 26(b)(5). Pending resolution of such a challenge, the receiving party must continue to sequester the Information and, in the event the Court concludes that the Information is protected from disclosure, delete the Information and any notes or any portions thereof that reveal the substance of the protected Information. The producing party must preserve the Information pending resolution of the privilege challenge and, in the event the Court concludes that the Information is not protected from disclosure, promptly provide the receiving party with a replacement production.

10. If a party independently discovers that it has received documents or information that reasonably appear to be privileged, the party shall notify the other party in accordance with applicable ethical obligations.

**IT IS SO ORDERED.**

Dated: June 11, 2019                                       s/ *Steven E. Rau*
                                                                Steven E. Rau
                                                                U.S. Magistrate Judge