# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

_____

In re: Baycol Products Litigation

UNITED STATES OF AMERICA *ex rel.*
LAURIE SIMPSON,                               Honorable Michael J. Davis
                                              United States District Court Judge

                    *Plaintiff*,

                              v.

                                              MDL No. 1431
BAYER HEALTHCARE                              Civil. No. 08-5758(MJD)(SER)
PHARMACEUTICALS, INC.;
BAYER CORP.; and
BAYER A.G.,

                    *Defendants*.
_____

## ORDER REGARDING HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to the Stipulation Regarding HIPAA Qualified Protective Order (ECF No. 192), entered into by the parties to address information protected by the Health Insurance Portability and Accountability Act ("HIPAA"),

**IT IS HEREBY ORDERED** that the Stipulation (ECF No. 192) is **APPROVED** and the following terms govern production of information protected by HIPPA:

1.      This Stipulation Regarding HIPAA Qualified Protective Order shall supplement Pretrial Order No. 99, entered in <u>In re Baycol Products Litigation</u>, MDL No. 1431, on December 12, 2003, attached as Exhibit A and shall govern all Protected Health Information produced in this matter.   Pretrial Order No. 99 shall continue to govern the designation and treatment of Confidential materials produced in this matter.  However, to the extent there is a conflict between

1

provisions of this Agreement and Pretrial Order No. 99 on issues pertaining to Protected Health Information, this Agreement shall control.

2.      The parties and their attorneys are hereby authorized to receive, subpoena, and transmit Protected Health Information subject to the conditions outlined herein pursuant to 45 C.F.R. § 164.512(e).

3.      For the purposes of this qualified protective order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected Health Information includes, but is not limited to, health information, including demographic information relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

4.      All "covered entities" and "business associates" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose Protected Health Information to attorneys representing the Plaintiff, Defendants, the federal government, and interested federal governmental agencies in the above-captioned litigation.

5.      The parties and their attorneys shall be permitted to use or disclose the Protected Health Information for purposes of prosecuting or defending this action, including any appeals of this case.  This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, the federal government, governmental agencies, and other entities or persons involved in the litigation process.

6.      The parties and their attorneys shall not use or disclose Protected Health Information for any other purpose other than the litigation or proceeding for which the information was requested.

7.      Prior to disclosing Protected Health Information to persons involved in this litigation, counsel shall inform each such person that Protected Health Information may not be used or disclosed for any purpose other than this litigation, and require each such person to sign the non-disclosure agreement in the form attached hereto as Exhibit B.  Counsel shall take all other reasonable steps to ensure that persons receiving Protected Health Information do not use or disclose such information for any purpose other than this litigation.

8.      At the end of the litigation, including all appeals, the parties, their attorneys, and any person or entity in possession of Protected Health Information, shall return Protected Health Information to the covered entity or destroy any and all copies of Protected Health Information within 90 days, except that counsel are not required to secure the return or destruction of Protected Health Information submitted to the Court.

9.      This Order does not control or limit the use of Protected Health Information that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

10.     Any party to this litigation and any third-party shall have the right to designate as "Protected Health Information" and subject to this Order any information, document, or thing, or any portion of any document or thing that contains Protected Health Information as defined and set forth in 45 C.F.R. § 160.13.  Any party to this litigation or any third party who is covered by this Order, who produces or discloses any document or thing that contains Protected Health Information, including without limitation, any information, document, thing, interrogatory,

3

answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL – PROTECTED HEALTH INFORMATION."

**IT IS SO ORDERED.**

Dated: June 11, 2019

_s/ Steven E. Rau_
Steven E. Rau
U.S. Magistrate Judge

4