# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

United States ex rel. Simpson,                   Case Number:  08cv5758 (MJD/SER)

                Plaintiff

v.                                               **AMENDED PRETRIAL
                                                 SCHEDULING ORDER**

Bayer Corporation,
Bayer A.G.,
Bayer Healthcare Pharmaceuticals, Inc.,

                Defendants.
_____

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. **The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3**.

## Pleadings and Disclosures
**February 28, 2019**

All pre-discovery disclosures required by Rule 26(a)(1), including production of documents, shall be completed on or before this date.

**May 13, 2020**

All motions which seek to amend the pleadings to add parties or claims must be served and filed on or before this date, and shall include a redlined version reflecting the changes contained in the proposed amended pleading. This deadline does not apply to motions which seek to amend the complaint to add a claim for punitive damages.

## Discovery and Nondispositive Motions
**April 29, 2020**

All fact discovery any kind shall be commenced in time to be completed by this date.

**May 29, 2020**

The identity of expert witnesses must be disclosed in accordance with Fed. R. Civ. P. 26(a)(2)(A) by this date.

**June 26, 2020**

The written reports of expert witnesses must be served in accordance with Fed. R. Civ. P. 26(a)(2)(A) (B) by this date.

**June 26, 2020**

    The identity of rebuttal expert witnesses must be disclosed in accordance with Fed. R. Civ. P. 26(a)(2)(A) by this date.

**August 7, 2020**

    The written reports of rebuttal expert witnesses must be served in accordance with Fed. R. Civ. P. 26(a)(2)(B) by this date.

**September 7, 2020**

    The identity and written reporters of further rebuttal witnesses must be served in accordance with Fed. R. Civ. P. 26(a)(2)(A) and (B) by this date.

**October 30, 2020**

    All expert discovery including expert depositions shall be commenced in time to be completed by this date.

**November 30, 2020**

    All non-dispositive motions and supporting pleadings (notice of motion, motion, affidavits, exhibits, memorandum of law, and proposed order), including those which relate to fact and expert discovery and any request for extension of this Pretrial Scheduling Order, shall be served, filed and **HEARD** by this date.  Prior to scheduling any non-dispositive motion and following the conference required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1.

    At the Rule 16 Scheduling Conference, the Court advised the parties that it is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference. However, before the Court will agree to proceed with this informal resolution mechanism, the "meet and confer" required by Fed. R. Civ. P. 37(a)(1) and L.R. 37.1 must have taken place, and all parties to the dispute must agree to use this informal resolution process as the very nature of the process is such that the parties are giving up rights they would otherwise have (e.g. the dispute is heard over the phone; there is no recording or transcript of the phone conversation; no briefs, declarations or sworn affidavits are filed; **there is no right to appeal the decision**).  If the parties do agree to use this informal resolution process, one of the parties shall contact Calendar Clerk Melissa Erstad, 651-848-1620, to schedule the conference.  The parties will be required to submit via email to rau_chambers@mnd.uscourts.gov a letter that is no more than three pages in length, with or without a limited number of documents attached, to set forth their respective positions.  The Court will read the written submissions of the parties before the phone conference, hear arguments of counsel at the conference, and if no one changes their decision during the phone conference regarding their willingness to participate in this informal resolution process, the Court will issue its decision at the conclusion of the phone conference or shortly after the conference. Depending on the nature of the dispute, the Court may or may not issue a written order.  If there is no agreement to resolve a dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

    To the extent that any non-dispositive motion is to be filed, such motion shall be scheduled for hearing by calling Melissa Erstad, Calendar Clerk to Magistrate Judge Steven E. Rau, (651) 848-1620.  A Reply Memorandum not exceeding 1750 words (including footnotes) may be filed and delivered to opposing counsel and the chambers of this Court no later than 12:00 noon two

business days preceding the hearing, so long as the total word count for the original and reply memorandum does not exceed 12,000 words. All non-dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rules 7.1, 37.1 and 37.2 as modified as follows: When a submission is filed on ECF, two paper hard copies, of the entire submission shall be mailed or delivered to the undersigned in an envelope addressed to Melissa Erstad, Calendar Clerk, contemporaneously with the submission being posted on ECF. In addition, with respect to any submission filed with the Court which is sealed and posted on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and the Court contemporaneously with the documents being posted on ECF.

### Dispositive Motions and Trial
**December 30, 2020**

All dispositive motions shall be filed by the moving party by this date. All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1. Counsel shall schedule the hearing by calling Judge Davis' Courtroom Deputy, Gerri Rishel, at 612-664-5073.

When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Courtroom Deputy Gerri Rishel, at the same time as the documents are posted on ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, three-ring notebook.

Notwithstanding the foregoing, no party shall bring a dispositive motion while discovery is ongoing without first obtaining permission from the undersigned. Permission shall be sought by electronically filing a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

**April 30, 2021**

This matter will be ready for a **JURY** trial by this date. The parties estimate they will need 10 days for trial.

### General

No more than 15 factual depositions shall be taken by each party.

No more than 25 interrogatories (including all subparts) shall be served by one party on another party.

No more than 25 document requests (including all subparts) shall be served by one party on another party.

No more than 20 requests for admission (including all subparts) shall be served by one party on another party.

No more than 1 deposition per expert shall be taken by each party.

No more than 6 expert witnesses shall testify at trial per party.

**Confidential Materials and Handling of Sealed Documents Filed in Connection with All Motions**

If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further Order of the court. Such filings shall be in compliance with the Electronic Case Filing Procedures for the District of Minnesota and the Court's governing pretrial scheduling order addressing the service and delivery of Confidential Materials on a party opponent and the Court.

**The parties understand that designation by a party of material as Confidential Materials pursuant to this Order cannot be used as the sole basis for filing material under seal in connection with any motion. Only those portions of a party's submission which otherwise meet the requirements of protection from public filing under the attorney-client privilege, work product doctrine, or the standards articulated in Fed. R. Civ. P 26(c)(1) shall be filed under seal. Prior to disclosure of materials or information designated "Confidential" at a trial or hearing, the parties may seek further protection against public disclosure from the Court.**

Dated: August 21, 2019                                   s/ *Steven E. Rau*
                                                        Steven E. Rau
                                                        U.S. Magistrate Judge