# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MINNESOTA

_____

In re: Baycol Products Litigation

UNITED STATES OF AMERICA *ex rel*.
LAURIE SIMPSON,                              Honorable Michael J. Davis
                                             United States District Court Judge

                *Plaintiff*,

                    v.

                                 MDL No. 1431
BAYER HEALTHCARE                             Civil No. 08-5758-MJD-ECW
PHARMACEUTICALS, INC.;
BAYER CORP.; and
BAYER A.G.,

                *Defendants*.
_____


## PROTOCOL GOVERNING DEPOSITIONS

## I.        SCOPE

      1.        The parties agree that the preference is a traditional in-person or partial in-person deposition where and when appropriate under applicable federal, state, and local orders or guidance.  However, in light of the current circumstances, depositions may need to be conducted remotely using videoconference technology.  This Protocol shall remain in effect for all depositions, or until such time as modified by agreement of the Parties.  The terms and conditions of this Order shall be reevaluated based on the COVID-19 conditions, governmental restrictions, and the experience with Remote Depositions.

2.      The procedures and protocols outlined herein shall govern any deposition in the above-referenced Action, whether party or non-party, including those taken in person or that is conducted via video or internet video conference technology, and where the witness and one or more examining attorneys are in different physical locations at the time of the deposition ("Remote Deposition").

3.      The parties agree that this Stipulation and Order applies to depositions of non-parties under Rule 45 and shall work in a collaborative manner in attempting to schedule depositions of non-parties. The party noticing any non-party deposition shall provide this Stipulation and Order to counsel for any non-party under Rule 45 a reasonable time before the date of the deposition.

## II.      REMOTE DEPOSITIONS GENERALLY

4.      Remote Depositions will be conducted in accordance with the Federal Rules of Civil Procedure.

5.      Pursuant to Federal Rules of Civil Procedure 30(b)(4) and (5), Remote Depositions shall be deemed to be taken before an appropriate officer even if the court reporter is not in the same physical location as the witness, provided that the court reporter attends the deposition by the same remote means as other Deposition Participants (defined below) and is able to hear and communicate with other Deposition Participants. The Parties agree that the court reporter may administer the oath remotely and that exhibits may be marked and entered into the record remotely.

6.      This Protocol does not supersede, supplant, or in any way alter the terms of Pretrial Order No. 99, 502(d) Stipulated Agreement (Dkt. No 196), ESI Protocol (Dkt. No 197), or HIPAA Qualified Protective Order (Dkt. No 198), (collectively, the "Confidentiality and Protective Orders").

7.      The Confidentiality and Protective Orders remain in effect and will govern the Remote Depositions conducted under this Protocol.

8.      As used in this Protocol, the term "Deposition Participants" means all persons attending a Remote Deposition and includes, as applicable: (i) all Relator counsel; (ii) all Defendant counsel; (iii) counsel for any third-party subpoenaed for deposition; (iv) the witness; (v) the witness's counsel; (vi) in-house counsel for any party; (vii) the court reporter; (viii) the videographer; (ix) an interpreter, if necessary; and (x) any other participant agreed upon by the Parties.

9.      Pursuant to Federal Rule of Civil Procedure 30, the deposition notice for any Remote Deposition shall identify the court reporting service that will host and record the Remote Deposition (the "Remote Deposition Vendor") and contain a general description of how Deposition Participants may access the Remote Deposition.

## III.      REMOTE DEPOSITION PLATFORM

10.     The Remote Deposition will be hosted by the Remote Deposition Vendor's remote deposition platform. Hosting and co-hosting privileges will not be given to any Deposition Participant aside from the Remote Deposition Vendor's personnel assigned to the proceeding.  The party that noticed the deposition shall be responsible for informing the court reporting service and Remote Deposition Vendor of the date, time, and needs of the depositions. The parties shall bear their own costs in obtaining a transcript and/or video record of the deposition.  Nothing herein shall prohibit a party from contacting the court reporting service or Remote Deposition Vendor.

11.     The party noticing the Remote Deposition will instruct the Remote Deposition Vendor to register Deposition Participants for the Remote Deposition in advance of the deposition, based upon a list of Deposition Participants to be jointly agreed to by the Parties.  Only Deposition

Participants registered by the Remote Deposition Vendor will be permitted to enter the Remote Deposition, which will require a password.

12.     Prior to the commencement of any Remote Deposition, the deposition witness may participate in a training with the Remote Deposition Vendor to familiarize himself or herself with the Remote Deposition Vendor's remote deposition platform. Counsel for the witness may attend this training. Any Deposition Participant may request a separate training from the Remote Deposition Vendor prior to the commencement of a Remote Deposition.

13.     Prior to the commencement of a Remote Deposition, all Deposition Participants must confirm in writing that they: (i) have sufficient internet bandwidth to participate in the Remote Deposition; (ii) are not aware of any issues that would impair or interrupt their ability to participate in the Remote Deposition; and (iii) have tested the equipment that will be used to conduct the Remote Deposition and are sufficiently familiar with the Remote Deposition Vendor's remote deposition platform.  In addition to the foregoing, prior to the commencement of a Remote Deposition, the witness shall also confirm in writing, through his or her counsel, that he or she has a suitable location for the deposition, including a quiet, well-lit, indoor location with a clean, neutral wall to use as a background.

14.     Prior to a Remote Deposition, any Deposition Participant may request that the Remote Deposition Vendor arrange for virtual break-out rooms. Only those individuals registered for a particular virtual break-out room will be permitted into the virtual break-out room, with the exception of the Remote Deposition Vendor's technical personnel, as necessary.  In lieu of the break-out rooms provided by the Remote Deposition Vendor, parties may also communicate telephonically or on other electronic platforms during breaks to the extent consistent with Rule 30.

15.     Prior to or during a Remote Deposition, any Deposition Participant may request from the Remote Deposition Vendor access to RealTime transcription for use during the deposition.

16.     The only recording of the Remote Deposition, whether audio or visual, will be through the Remote Deposition Vendor, which will record the Remote Deposition using the best available technological means.  The Parties and Deposition Participants may not use any other means, whether audio or visual, to record the Remote Deposition. The Parties will instruct the Remote Deposition Vendor to record only when the deposition is on the record.

17.     The Parties agree that the fact that a deposition took place remotely, and was recorded remotely, is not a sufficient basis to prevent the recording of the Remote deposition from being admitted at trial with the same effect as the recording of an in-person deposition.

18.     At least 24 hours prior to the commencement of the Remote Deposition, the Party that noticed the deposition must circulate an email to all registered Deposition Participants establishing an alternative means of communication among the Deposition Participants in the event that technical issues prevent them from communicating within the Remote Deposition Vendor's remote deposition platform.

19.     To host a Remote Deposition, a Remote Deposition Vendor must have implemented adequate security measures to ensure the confidentiality of the Remote Deposition, video and audio feeds, and exhibits. These security measures include using tools such as a "virtual waiting room," which allows the court reporter to admit only individuals authorized to attend the deposition, and disabling the "record feature" in the Remote Deposition Technology for the witness and all Deposition Participants.

20.     The Parties agree to confer in good faith regarding the start time for depositions. Unless otherwise agreed to by the Parties or ordered by the Court, Remote Depositions shall be conducted during normal business hours within the witness's local time zone and shall be subject to the aggregate time limitations set forth in Federal Rule of Civil Procedure 30(d)(l). If a party believes that more than seven (7) hours will be required to fairly examine a witness, or if technical difficulties impede the examining attorney's ability to fairly examine the witness in seven (7) hours, the Parties agree meet and confer about whether additional time should be allocated for that deposition. Where the witness has restrictions on the length of time he or she may sit for a Remote Deposition, the witness's counsel shall notify counsel for the noticing party in advance of the Remote Deposition so that the Parties may confer on a schedule to complete the deposition.

## III.     EXHIBITS

21.     The examining attorney will make every effort to transmit all exhibits in paper form to all Deposition Participants at least 24 hours in advance of the Remote Deposition in sealed envelopes.

22.     In the event that counsel identifies an exhibit counsel would like to use that was not included in the envelopes, counsel will transmit or publish the entire exhibit electronically.  The examining attorney will make every effort to transmit all exhibits in paper form in advance of the deposition and avoid the need for electronic transmission.

23.     If documents that may be used as exhibits are transmitted to Deposition Participants in sealed envelopes, all Deposition Participants agree that they will not open the sealed envelopes or otherwise access such documents unless and until specifically requested to do so by the examining attorney.  All Deposition Participants further agree that all sealed envelopes must be opened on camera.

24.     All Deposition Participants agree that they will not open, unseal or otherwise access any documents that are not introduced as exhibits during a Remote Deposition, and will return all such documents to the examining attorney in their original sealed envelopes immediately following the conclusion of the Remote Deposition.

25.     Deposition exhibits shall be transmitted to all Deposition Participants in a manner that will enable them to review: (i) the entire contents of each exhibit; and (ii) all exhibits introduced during a Remote Deposition at any time during the Remote Deposition.

26.     That a witness was provided with an electronic copy of an exhibit during a Remote Deposition shall not be a basis to object to the admissibility of that exhibit at trial.

## IV.     DEPOSITION CONDUCT

27.     Each Party's counsel (and counsel for the witness, if applicable) shall designate one attorney to be the primary speaker during the Remote Deposition. All other Deposition Participants, aside from the witness and Remote Deposition Vendor's personnel, as necessary, must set their audio on "mute" when the deposition is on the record.  In addition, all Deposition Participants shall enable "do not disturb" settings for all applications not in use on their electronic devices, including but not limited to text message and e-mail notifications.

28.     During the deposition examination, the witness shall not be permitted to engage in private communications with any person, including any Deposition Participant, in any manner that is not recorded in the same manner as the deposition itself (i.e., no emails, text messages, WhatsApp messages, or any other type of electronic or in-person communication).   Any Deposition Participant may make reasonable requests for recesses as customary in non-remote depositions, which shall be granted as customary in non-remote depositions.  During any break in the deposition examination, the witness's counsel may communicate with the witness via

telephone, email or any other means of communication allowable under the Federal Rules of Civil Procedure.  If a Deposition Participant becomes aware of any private conversations, they will immediately alert the conversing parties.

29.     During the deposition, while a question is pending, a witness may on the record request to confer with its counsel off the Remote Deposition platform for the purposes of determining whether privilege should be asserted.  Counsel and the witness will mute their computer microphones, and may confer telephonically or through other means for this purpose.

30.     If privileged information is disclosed during the deposition due to a technical disruption, or to the extent any privileged conversation between a deponent and the deponent's counsel is captured by a videoconferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.

31.     Unless and only if instructed to do otherwise by the Remote Deposition Vendor's personnel, the witness shall not put his or her videoconferencing window on mute or turn off his or her video camera during a Remote Deposition, even when the deposition is off the record.

32.     Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connections, will not result in waiver of objections by any party.  If any pauses, lags, and/or disruptions are persistent or prolonged, the parties should: (1) extend the Remote Deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the Remote Deposition for a later date, if the additional time required is an hour or more.  The court reporter and/or Remote Deposition Vendor shall alert the participants if any participant is disconnected from the deposition.  If a participant is disconnected, the deposition shall be stopped immediately and resumed only after any connectivity issue is resolved.

33.     Any Deposition Participant reserves the right to halt the deposition due to technical issues.  In the event that a witness's camera stops working, deposing counsel shall have the right to decide whether to continue to conduct the Remote Deposition solely via telephone or to continue the deposition, either in-person or remotely, at a later date or time, subject to the requirements of the Federal Rules of Civil Procedure.  Any decision by deposing counsel to continue with an examination by telephone only shall not be cause for taking a second examination of the witness.

34.     Only the court reporter, the videographer, the witness's counsel, and in-house counsel are permitted to be in the same physical location as the witness during a Remote Deposition.  No other individuals are permitted to be in the same room as the witness during a Remote Deposition.  If the witness's counsel or in-house counsel intends to be in the same physical location as the witness during a Remote Deposition, they must provide notice to counsel for the noticing party prior to the start of the Remote Deposition.

35.     If the witness's counsel or in-house counsel is present in the same physical location as the witness during a Remote Deposition, such counsel shall either: (i) separately log into the Remote Deposition platform so that all Deposition Participants can both see and hear them; or (ii) ensure that a camera view is maintained at the witness's physical location that includes the witness, the witness's counsel and/or in-house counsel.

36.     Deposition Participants will make best efforts to conduct the Remote Deposition in a manner that allows deposing counsel to fully ask questions, all defending counsel to fully make any objections and fully ask any redirect questions, witnesses to complete their answers, and the court reporter to accurately transcribe the deposition, being mindful of audio delays and related challenges inherent in any video-conferencing platform.

37.     All parties shall act in good faith to fulfill the letter and spirit of this Remote Deposition protocol.  In the event that any issues in connection with a Deposition Participant or these Remote Deposition Protocols cannot be resolved consensually, subject to the Court's availability, the parties shall have the right to seek a telephonic hearing with this Court on an expedited basis.

## V.  IN-PERSON DEPOSITIONS

38.     No depositions shall take place in person unless there is agreement by all Parties, and for non-party depositions, relevant non-parties.  However, the deponent may be permitted to have his or her counsel present, in person, for the remote deposition. In-person attendance by counsel for the deponent does not require nor authorize other counsel to attend in person.

39.     For in-person depositions, the parties agree that depositions will occur in conference rooms sufficiently large to allow for at least 6 feet of social distancing between all deposition attendees.   All attendees agree to maintain social distancing through the deposition.

40.     All in-person participants and attendees will be required to wear masks with the exception of the witness, the examining attorney, and the defending attorney, all of whom will discuss their preferences and comfort levels prior to the deposition.

41.     All in-person participants and attendees will have their temperature taken before entering the deposition room.   All participants agree to engage in frequent hand washing and to have hand sanitizer present in the room for all participants to use.

42.     No person will attend the deposition if they have experienced any of the symptoms of COVID-19 identified by the CDC, in the past 14 days:  https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html

Dated: August 21, 2020

KESSLER TOPAZ
MELTZER & CHECK LLP
/s/ Asher Alavi

Asher Alavi
aalavi@ktmc.com
David Bocian
dbocian@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
(484) 270-1402

*Counsel for Relator Laurie Simpson*

BARTLIT BECK HERMAN
PALENCHAR & SCOTT LLP
/s/ Adam Hoeflich

Philip S. Beck
Adam Hoeflich
54 W. Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

SIDLEY AUSTIN LLP
/s/ Kristin Graham Koehler
Kristin Graham Koehler (*pro hac vice*)
kkoehler@sidley.com
Ryan C. Morris (*pro hac vice*)
rmorris@sidley.com
Joshua J. Fougere (*pro hac vice*)
jfougere@sidley.com
Jacquelyn E. Fradette (*pro hac vice*)
jfradette@sidley.com
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

DORSEY & WHITNEY LLP
/s/ John Marti

John Marti (#0388393)
marti.john@dorsey.com
Alex P. Hontos (#0388355)
hontos.alex@dorsey.com
Caitlin L.D. Hull (#0398394)
hull.caitlin@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

*Counsel for Defendants Bayer*
*Corporation, Bayer AG, and*

*Bayer Healthcare Pharmaceuticals, Inc.*