UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

_____

In re: Baycol Products Litigation

UNITED STATES OF AMERICA *ex rel.*
LAURIE SIMPSON,

        *Plaintiff*,

v.

BAYER HEALTHCARE
PHARMACEUTICALS, INC.;
BAYER CORP.; and
BAYER A.G.,

        *Defendants*.

_____

Honorable Michael J. Davis
United States District Court Judge

MDL No. 1431
Civil No. 08-5758-MJD-ECW

## JOINT STIPULATION TO MODIFY AMENDED PRETRIAL SCHEDULING ORDER PURSUANT TO L.R. 16.3

Pursuant to Federal Rule of Civil Procedure ("Rule") 16(b)(4) and Local Rule 16.3, and consistent with the Court's directives in its January 29, 2021 order (Dkt. No. 260), the Parties respectfully request that the Court modify the Amended Pretrial Scheduling Order (Dkt. No. 228) ("Scheduling Order"), by extending the fact discovery deadline by a period of one hundred twenty (120) days, for the reasons described herein.

### LEGAL STANDARD

Under Rule 16(b)(4), a pretrial scheduling order may be modified for good cause. Local Rule 16.3(b)(1) states that "[a] party that moves to modify a scheduling order must…establish good cause for the proposed modification." L.R. 16.3(b)(1). "The primary

1

measure of good cause [under Rule 16(b)(4)] is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006).

## DISCUSSION

On December 14, 2020, Relator served notices and subpoenas on Bayer for the deposition testimony of eight current and former employees.  On December 22, 2020, Bayer filed a motion to quash, or in the alternative for a protective order ("Motion to Quash"), to prohibit the deposition subpoenas of the eight witnesses whom Relator had noticed for deposition. (ECF No. 238).

On January 29, 2021, following a hearing with the parties, the Court entered an order granting in part and denying in part Bayer's Motion to Quash. (ECF No. 260). Specifically, the Court granted Bayer's motion for a protective order to limit the testimony of Mark West to topics that were not previously the subject of his 30(b)(6) deposition and to limit the deposition testimony of the eight witnesses to no more than 40 hours.  The Court's order also directed the parties to "meet and confer regarding the case's schedule and [] file a stipulation . . . on or before February 5, 2021." (ECF No. 260).

Relator intends to proceed with each of the eight depositions previously noticed or subpoenaed.[1] The parties are presently meeting and conferring on the scheduling of these depositions.

---

[1]  While Relator does not presently intend to take additional depositions beyond the eight already identified, she reserves the right to do so.  Bayer reserves the right to object to future deposition requests.

In addition, on January 27, 2021, the Department of Defense ("DoD") sent a letter to Bayer designating a witness for two of the topics in Bayer's *Touhy* subpoena for testimony pursuant to Rule 30(b)(6). Bayer and the DoD are continuing to meet and confer on this 30(b)(6) deposition, which has not yet been scheduled.

Finally, the parties are continuing to meet and confer regarding the scheduling of the deposition of Relator Laurie Simpson, whom Bayer previously noticed for deposition.

Pursuant to the current scheduling order, the deadline for the completion of fact discovery is February 11, 2021. For the foregoing reasons, the Parties believe that good cause exists to extend all deadlines by a period of 120 days to allow the Parties to complete the noticed depositions and address any remaining disputes.

## CONCLUSION

In light of the foregoing, the Parties request that the Court grant their Joint Stipulation to Modify Amended Pretrial Scheduling Order Pursuant to L.R. 16.3 and the Court's January 29, 2021 order and enter the Proposed Order to Modify Amended Pretrial Scheduling Order Pursuant to L.R. 16.3.

Dated: February 5, 2021

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| KESSLER TOPAZ MELTZER & CHECK LLP<br>/s/ Asher Alavi<br><br>Asher Alavi<br>aalavi@ktmc.com<br>David Bocian<br>dbocian@ktmc.com | SIDLEY AUSTIN LLP<br>/s/ Kristin Graham Koehler<br><br>Kristin Graham Koehler (*pro hac vice*)<br>kkoehler@sidley.com<br>Ryan C. Morris (*pro hac vice*)<br>rmorris@sidley.com<br>Joshua J. Fougere (*pro hac vice*) |

| | |
|---|---|
| Eric K. Gerard<br>egerard@ktmc.com<br>Richard A. Russo, Jr.<br>rrusso@ktmc.com<br>Jonathan F. Neumann<br>jneumann@ktmc.com<br>280 King of Prussia Road<br>Radnor, PA 19087<br>(484) 270-1402<br><br>*Counsel for Relator Laurie Simpson* | jfougere@sidley.com<br>1501 K Street, N.W.<br>Washington, D.C. 20005<br>(202) 736-8000<br><br>DORSEY & WHITNEY LLP<br><u>/s/ John Marti</u><br><br>John Marti (#0388393)<br>marti.john@dorsey.com<br>Alex P. Hontos (#0388355)<br>hontos.alex@dorsey.com<br>Caitlin L.D. Hull (#0398394)<br>hull.caitlin@dorsey.com<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402<br>(612) 340-2600<br><br>*Counsel for Defendants Bayer Corporation, Bayer AG, and Bayer Healthcare Pharmaceuticals, Inc.* |

4

## CERTIFICATE OF SERVICE

I certify that on February 5, 2021, the foregoing document was served this day on all counsel of record via CM/ECF.


/s/ Asher Alavi