## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| *In re Baycol Products Litigation* | ) | |
| United States of America *ex rel.* | ) | |
| Laurie M. Simpson, | ) | |
| | ) | |
| Plaintiff-Relator, | ) | MDL No. 1431 |
| | ) | Civil No. 08-5758 (MJD)(ECW) |
| v. | ) | |
| | ) | |
| Bayer Corp., *et al.*, | ) | Hon. Michael J. Davis |
| | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION REGARDING CONTINUED SEALING

Defendants Bayer Corporation and Bayer AG (collectively, "Bayer") and Plaintiff-Relator Laurie Simpson have each filed documents temporarily under seal in connection with Defendants' Motion to Quash Relator's Deposition Subpoenas (Dkt. 238).  Pursuant to Local Rule 5.6, the Parties jointly submit this Joint Motion Regarding Continued Sealing:

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
| 240 | 241 | Unredacted Version of Defendants' Memorandum in Support of Motion to Quash Relator's Deposition Subpoenas | | | X | N/A | **Defendant's position:** The redacted portions of this memorandum contain non-public and sensitive competitive business information regarding Bayer's business practices, including customer names, proprietary data regarding Bayer's products and medicines, unpublished clinical studies, and information submitted to the government that is otherwise exempt from public disclosure. The redacted portions sought to be sealed also consist of discussions of testimony from confidential deposition transcripts, which contain detailed descriptions of confidential communications between Bayer and DoD. As such, the redacted portions have been designated "Confidential" by Defendants, pursuant to this Court's Protective Order entered June 11, 2019 [ECF No. 198], which incorporates by reference Pretrial Order No. 99, entered in *In re Baycol Products Litigation*, MDL No. 1431, on December 12, 2003. The Pretrial Order recognizes that this type of non-public information is confidential.

The majority of the testimony attached and quoted in the briefs was given by individuals in the MDL. These transcripts were originally designated as confidential in the MDL, and the Baycol Securities Litigation, and have been maintained as confidential. They were designated again as confidential for this matter when Plaintiff requested production of them. *Kruszka v. Novartis Pharmaceuticals Corp.*, 28 F. |

| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Mark "X" in Applicable Column | | | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
| | | | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | Supp. 3d 920, 942 (D. Minn. 2014) (declining to unseal documents in related litigation that was controlled by a MDL Confidentiality Order even though some documents were more than 7 years old). Moreover, contrary to Relator's assertion, the testimony and Interrogatory responses are not focused on Baycol's competitive position, but rather discuss Bayer's non-public and confidential communications with a key customer and its internal analysis relating to adverse events and clinical communications.  These internal and non-public processes are not specific to Baycol and remain as sensitive today to disclosure.<br><br>This District recognizes that the presumption of access is not static but depends upon the role of the sealed material in the decision at hand.  *Lusk v. Akradi*, No. CV 15-1911 (JRT/BRT), 2018 WL 1634408, at *2 (D. Minn. Apr. 5, 2018).  In ruling on Bayer's motion to quash, this Court issued an oral order that did not discuss the specifics or the content of the sealed transcripts or Bayer's discovery responses and did not rely on those specifics in reaching its decision.  Accordingly, the public's interest in these documents at this juncture is weak.  *Id*.<br><br>This Court should maintain the status quo of keeping these documents confidential at least until discovery has completed and the parties are engaged in substantive and dispositive motions |

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
| | | | | | | | practice. As contemplated by Local Rule 5.6, when previously sealed documents are used to support or oppose a later filed motion, the Court assesses anew whether that information should stay sealed or should be made public. Once information has become unsealed and released to the public, it cannot be undone. Accordingly, the determination as to whether the information contained in these filings should be unsealed should be made in connection with a later filed substantive or dispositive motion after discovery has closed. In that context, the importance and confidential nature of the information can be more properly assessed. Courts in this District often allow documents to remain sealed while a case is pending and then reassess the public's need for discovery of that information if it is used in connection with a dispositive motion or at trial. *Kruszka v. Novartis Pharmaceuticals Corp.*, 28 F. Supp. 3d 920, 942 (D. Minn. 2014) ("[I]f the documents are introduced at trial, the Court can adequately examine their confidentiality status at that time."); Inline Packaging, LLC v. Graphic Packaging Int'l, Inc., No. 15-CV-3183 (ADM/LIB), 2018 WL 10440735, at *3 (D. Minn. June 20, 2018). This Court should do the same.<br><br>**Relator's position:** In order to justify continued sealing of documents, including the referenced memorandum of law in support of Bayer's motion to quash, Defendants must show that the |

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
| | | | | | | | "need for confidentiality outweighs the public's right of access." *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, 2018 WL 10440735, at *2 (D. Minn. June 20, 2018) (quoting Advisory Committee Note to Local Rule 5.6); *see also Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214-15 (D. Minn. 2012) (explaining defendants must show "compelling reasons to keep the information secret – i.e., that it is likely that public disclosure of the information will harm the party.")  Bayer has not and cannot do so, as the information concerns business information that is too old to cause any competitive harm, including about Baycol, a product that was withdrawn from the U.S. market nearly twenty years ago.  *See Inline Packaging.*, 2018 WL 10440735, at *12 (rejecting motion for continued sealing of information that was 8 and 9 years old because the "relatively old age of the information [] greatly reduces the potential that public access to this information would currently competitively harm Graphic in any way…").  Moreover, much of the information Bayer seeks to maintain under seal concerns matters of public record, such as Bayer's contract with the Department of Defense and its communications with the DoD about the risk of rhabdomyolysis associated with Baycol. *See* ECF No. 52 (SAC) ¶¶ 56-123. |

| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Mark "X" in Applicable Column | | | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | | |
| 243-1 | | Exhibit A to the Declaration of Jacquelyn Fradette, M. West 30(b)(6) Deposition Transcript (Oct. 16, 2020) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 243-2 | | Exhibit C to the Declaration of Jacquelyn Fradette, R. Harrison Deposition Transcript (Oct. 30, 2002) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 243-3 | | Exhibit D to the Declaration of Jacquelyn Fradette, C. Zygmunt Deposition Transcript (Jan. 8, 2003) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 243-4 | | Exhibit E to the Declaration of Jacquelyn Fradette, C. Zygmunt Deposition Transcript (May 23, 2007) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 243-5 | | Exhibit F to the Declaration of Jacquelyn Fradette, R. Celesk Deposition Transcript (Jul. 15, 2002) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |

| | | | Mark "X" in Applicable Column | | | | |
|---|---|---|---|---|---|---|---|
| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
| 243-6 | | Exhibit G to the Declaration of Jacquelyn Fradette, R. Celesk Deposition Transcript (May 10, 2007) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 243-7 | | Exhibit H to the Declaration of Jacquelyn Fradette, T. Conger Deposition Transcript (Oct. 25, 2002) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 243-8 | | Exhibit I to the Declaration of Jacquelyn Fradette, T. Conger Deposition Transcript (Nov. 12, 2003) | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 251 | 252 | Unredated Version of Relator's Memorandum in Opposition to Defendants' Motion to Quash Deposition Subpoenas | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |

| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Mark "X" in Applicable Column | | | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
|---|---|---|---|---|---|---|---|
| | | | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | | |
| 254-1 | | Exhibit 5 to the Declaration of David Bocian, Defendant's Responses to Plaintiff-Relator's First Set of Interrogatories | | | X | N/A | **Defendant's position:**  Same position as articulated for sealed Docket No. 240.  In addition, Bayer also notes that Relator chose to attach Bayer's entire Interrogatory responses to its motion, without excerpting any portion of them regardless of the relevance to its response to Bayer's motion to quash.  Relator does not dispute that Bayer's complete interrogatory responses contain significantly more information and detail than Relator's Amended Complaint regarding Bayer's internal processes and confidential discussions with DoD.  Accordingly, unsealing the entirety of Bayer's interrogatory responses, considering the significant non-public information it contains, would be unwarranted.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |
| 254-2 | | Exhibit 7 to the Declaration of David Bocian, Excerpts from the October 16, 2020 Deposition Transcript of Dr. Mark West | | | X | N/A | **Defendant's position:**  Same position as articulated for sealed Docket No. 240.<br><br>**Relator's position:** same disagreement as articulated above for sealed Docket No. 240 |

| Sealed Dkt. No. | Redacted Dkt. No. | Document Description | Mark "X" in Applicable Column | | | Non-Party That Designated Confidential (if any) | Reason Document Should Remain Sealed or be Unsealed |
| | | | Parties Agree Document Should Remain Sealed | Parties Agree Document Should be Unsealed | Parties Disagree on Sealing | | |
|---|---|---|---|---|---|---|---|
| 254-3 | | Exhibit 8 to the Declaration of David Bocian, Defendant's Responses to Plaintiff-Relator's Second Set of Interrogatories | | | X | N/A | **Defendant's position:** Same position as articulated for sealed Docket No. 240. In addition, Bayer also notes that Relator chose to attach Bayer's entire Interrogatory responses to its motion, without excerpting any portion of them regardless of the relevance to its response to Bayer's motion to quash. Relator does not dispute that Bayer's complete interrogatory responses contain significantly more information and detail than Relator's Amended Complaint regarding Bayer's internal processes and confidential discussions with DoD. Accordingly, unsealing the entirety of Bayer's interrogatory responses, considering the significant non-public information it contains, would be unwarranted.<br><br>**Relator's position:** Same disagreement as articulated above for sealed Docket No. 240 |

Dated: February 16, 2021

Respectfully submitted,

SIDLEY AUSTIN LLP

 /s/   *Kristin Graham Koehler*

Kristin Graham Koehler (*pro hac vice*)
kkoehler@sidley.com
Jonathan F. Cohn (*pro hac vice*)
jcohn@sidley.com
Joshua J. Fougere (*pro hac vice*)
jfougere@sidley.com
Jacquelyn E. Fradette (*pro hac vice*)
jfradette@sidley.com
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

DORSEY & WHITNEY LLP

/s/     *Caitlin L.D. Hull*

John Marti (#0388393)
Marti.john@dorsey.com
Alex P. Hontos (#0388355)
Hontos.alex@dorsey.com
Caitlin L.D. Hull (#0398394)
Hull.caitlin@dorsey.com
50 S. Sixth St., Ste. 1500
Minneapolis, MN 55402
(612) 340-2600

*Counsel for Defendants*
*Bayer Corporation, Bayer AG, and*
*Bayer Healthcare Pharmaceuticals, Inc.*

KESSLER TOPAZ
MELTZER & CHECK LLP


/s/      *Asher Alavi*

David Bocian
dbocian@ktmc.com
Eric K. Gerard
egerard@ktmc.com
Richard A. Russo, Jr.
rrusso@ktmc.com
Jonathan F. Neumann
jneumann@ktmc.com
Asher Alavi
aalavi@ktmc.com
280 King of Prussia Road
Radnor, PA 19087
(484) 270-1402

*Counsel for Relator Laurie Simpson*