# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re Baycol Products Litigation<br>United States of America *ex rel.*<br>Laurie M. Simpson,<br><br>　　　　　　Plaintiff-Relator,<br><br>　　v.<br><br>Bayer Corp., *et al.*,<br>　　　　　　Defendants. | Case No. 08-cv-5758 (MJD/ECW)<br><br><br><br>**ORDER** |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing (Dkt. 267) pursuant to Local Rule 5.6(d) concerning documents filed under seal in relation to Defendants' Motion to Quash Relator's Deposition Subpoenas (Dkt. 238).

The parties do not address whether Docket Entries 243 or 254, which list the exhibits at issue, should remain under seal, and the Court sees no basis to require their continued sealing, as they reveal no substantive information. Therefore, Docket Entries 243 and 254 will be unsealed in accordance with Local Rule 5.6.

The parties disagree as to whether Docket Entries 240, 243-1, 243-2, 243-3, 243-4, 243-5, 243-6, 243-7, 243-8, 251, 254-1, 254-2, and 254-3 should remain under seal. The Court addresses those disagreements below.

## I.　　LEGAL STANDARD

American courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*,

435 U.S. 589, 597 (1978) (footnote omitted); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but is also the public's case."). As the Eighth Circuit has held:

> There is a common-law right of access to judicial records. . . . This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and "to keep a watchful eye on the workings of public agencies." It also provides a measure of accountability to the public at large, which pays for the courts.

*IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citations omitted).

"'This right of access is not absolute, but requires a weighing of competing interests.'" *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (quoting *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3.

While Local Rule 5.6 does not explicitly set forth the applicable standard when determining if a document should remain sealed, the 2017 Advisory Committee Note to Rule 5.6 provides guidance similar to the Eighth Circuit in *IDT*, *supra*, by requiring this

2

Court to balance parties' interests in maintaining the confidentiality of documents with the public's right of access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6(d) *advisory committee's note*.

In evaluating whether to unseal judicial documents, courts in the District of Minnesota have utilized the six-factor balancing test outlined in *United States v. Hubbard*, 650 F.2d 293, 318 (D.C. Cir. 1980). *See Krueger v. Ameriprise Fin., Inc.*, No. CV 11-2781, 2014 WL 12597948, at *10 (D. Minn. Oct. 14, 2014). These six factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Id.* at *10-11 (citation omitted). The Court looks to see if compelling reasons have been provided to overcome the presumption that court documents should be public record when applying the six-factor test. *Id.* at *11. While the age of the documents at issue factors into the strength of the property interests and the possible prejudice from disclosure, it is not in of itself determinative. *See Inline Packaging, LLC v. Graphic*

*Packaging Int'l, Inc.*, No. 15-CV-3183 (ADM/LIB), 2018 WL 10440735, at *12 (D. Minn. June 20, 2018); *Kruszka v. Novartis Pharms. Corp.*, 28 F. Supp. 3d 920, 942-43 (D. Minn. 2014). It is also important to emphasize that "'the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resulting value of such information to those monitoring the federal courts.'" *IDT*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)) (citations omitted). When a document plays only a negligible role in a court's exercise of its Article III duties, such as a complaint, the public's interest in access to the document is weaker and "the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). While the Eighth Circuit has not been explicit about what weight to give the presumption as it relates to documents filed in conjunction with summary judgment, in one of the decisions relied upon by the Eighth Circuit in *IDT*, *see* 709 F.3d at 1224, the Second Circuit concluded that the weight of the presumption of public access given to such documents is of the highest and such documents should not remain under seal unless compelling reasons exist. *See Lugosch*, 435 F.3d at 123 (citation omitted); *see also Krueger*, 2014 WL 12597948, at *8-9 (noting that while the Eighth Circuit has not explicitly defined what constitutes "judicial records," courts have held that information submitted in connection with a motion for summary judgment is integrally involved in the resolution of the merits of a case for which the presumption of public access attaches); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 245 F.R.D. 632, 636 (D. Minn. 2007) ("The Court finds

that Guidant and Duran have a heightened burden to overcome the presumptive right of the public to access of the briefs and supporting documents at issue because they were filed in support of and in opposition to motions for summary judgment.") (citation omitted). Here, the documents filed in conjunction with the Motion to Quash Subpoenas fall somewhere in the middle of this continuum, as the motion deals with discovery and not the merits of the present action, thereby reducing the presumption of public access. *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 164 F.R.D. 346, 357 (S.D.N.Y. 1996) ("[T]he Lovell Affidavit bears only on the Motion to Compel, not on the merits or the action or their adjudication, and is, therefore, less immediately applicable to the Article III functions of the Court. As in the case of the Cited Tapes, the stage of this litigation further reduces the presumption of access.").

Given this standard, the Court will proceed with analyzing the merits of the parties' motion for continued sealing.

## II.     ANALYSIS

The arguments the parties assert regarding continued sealing are essentially the same with respect to Docket Entries 240, 243-1, 243-2, 243-3, 243-4, 243-5, 243-6, 243-7, 243-8, 251, 254-1, 254-2, and 254-3. These entries include memoranda of law submitted with respect to Defendants' Motion to Quash Relator's Deposition Subpoenas,

as well as supporting exhibits[1] comprised of deposition transcripts and interrogatory answers.[2]

Defendants argue that the redacted portions of the memoranda and exhibits contain non-public and sensitive competitive business information regarding Bayer's business practices, including customer names, proprietary data regarding Bayer's products and medicines, unpublished clinical studies, and information submitted to the government that is otherwise exempt from public disclosure. (Dkt. 267.) Similarly, Defendants argue that the redacted portions of the memoranda and sealed exhibits also consist of discussions of testimony from confidential deposition transcripts, which contain detailed descriptions of confidential communications between Bayer and Department of Defense. (*Id.*) The majority of the testimony attached and quoted in the briefs was given by individuals in 2020, 2007, and 2002 as part of the present action, as well as a related multi-district litigation ("MDL"), and the *Baycol* Securities Litigation. (*Id.*) According to Defendants, these transcripts were originally designated as confidential in the MDL and the *Baycol* Securities Litigation and have been maintained as confidential. (*Id.*) They were designated again as confidential for this matter when Plaintiff requested production of them in the present action. (*Id.*) Defendants maintain

---

[1] Redacted versions of memoranda of law have been publicly filed with the Court. (Dkts. 241, 252.) There are no redacted versions publicly filed for the supporting exhibits.

[2] The Court notes that Docket Entries 254-1 and 254-3 are interrogatory responses for which Defendants raise an additional argument for sealing on the basis that Relator chose to attach Bayer's entire Interrogatory responses to its motion, without excerpting any portion of them regardless of the relevance to its response to Bayer's motion to quash.

that the deposition testimony and interrogatory responses are not focused on the medication Baycol's competitive position, but rather discuss Bayer's non-public and confidential communications with a key customer and its internal analysis relating to adverse events and clinical communications and remain as sensitive today to disclosure. (*Id.*)

Relator counters that the information at issue concerns business information that is too old to cause any competitive harm, including about Baycol, a medication that was withdrawn from the U.S. market nearly twenty years ago.

There is no dispute that there has been no previous public access to the information at issue and that Defendants have consistently sought to protect this information from disclosure. Moreover, the Court notes that the documents contain information that is commercially sensitive relating to communications made to customers regarding Defendants' products. The Court acknowledges that the information at issue relates to a drug that, as Relator admits, has been withdrawn for twenty years. However, this cuts both ways, as the immediate need for the public to have access to information relating to a medication that has been withdrawn from the market for two decades is presumably weaker than if the medication was still on the market. Given the possibility of prejudice to Defendants if the information is disclosed, as opposed to maintaining the "status quo" as advocated by Defendants, coupled with the fact that this information is related to a discovery motion (as opposed to a dispositive motion), the Court finds that the interests of Defendants in keeping the information under seal outweighs the right of the public to this information at this time.

The Court emphasizes that this decision is not determinative as to whether this information will remain sealed in the future to the extent that it is filed and considered by the Court with respect to a future dispositive motion.

### III.    ORDER

Based upon on the motion and the documents filed under seal, as well as all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (Dkt. 267) is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion is **GRANTED** insofar as Docket Entries 240, 243-1, 243-2, 243-3, 243-4, 243-5, 243-6, 243-7, 243-8, 251, 254-1, 254-2, and 254-3 **WILL REMAIN UNDER SEAL**.

2. The Motion is **DENIED** insofar as Docket Entries 243 and 254 shall be **UNSEALED** in accordance with the procedures set forth in Local Rule 5.6(d).

DATED: May 11, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate